UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
AUG - 6 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:13-cr-0011-JMS-CMM |
| ) | |
| AUGUSTUS QUINTRELL LIGHT, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT WITH A CAP UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and by MaryAnn T. Mindrum, Assistant United States Attorney, and the defendant, AUGUSTUS QUINTRELL LIGHT, in person and counsel, Gwendolyn M. Beitz, hereby inform the Court that a Plea Agreement with an agreed binding sentence of 27 months' imprisonment (hereinafter referred to as "cap") has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and the following are its terms and conditions:

1. **Plea of Guilty to the Indictment:** The defendant agrees to enter a plea of guilty to the one count Indictment. Count One of the Indictment charges that the defendant violated Title 18, United States Code, Sections 1791(a)(2) and (b)(3), possession of contraband in prison.

    A. **Potential Maximum Penalties:** A violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(3), possession of contraband in prison, is punishable by a term of imprisonment of up to five (5) years, a fine of up to $250,000, and a term of supervised release following any term of imprisonment of up to three (3) years.

1

B. **Elements of the Offense:**

1) Title 18, United States Code, Sections 1791(a)(2) and (b)(3) (possession of contraband in prison) consists of the following elements:

| | |
|---|---|
| FIRST: | The defendant knowingly possessed a prohibited object: that is, a weapon or an object that is designed or intended to be used as a weapon; and |
| SECOND: | At the time the defendant possessed the prohibited object, the defendant was an inmate of a prison, that is, the Federal Correctional Complex, Terre Haute, Indiana. |

### GENERAL PROVISIONS

2. **Rule 11(c)(1)(C):** The defendant understands and acknowledges that this plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the parties have agreed upon the specific sentence (cap) as set forth in this Plea Agreement. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

3. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the United States Attorney for the Southern District of Indiana.

### SPECIFIC PROVISIONS

4. **Count of Conviction:** The defendant, AUGUSTUS QUINTRELL LIGHT, will enter a plea of guilty to Count One of the Indictment.

5. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** If the defendant fully complies with the terms of this Plea Agreement, then the government and the defendant agree as follows:

> A. The Court should sentence the defendant to a term of imprisonment of 27 months;
>
> B. The sentence shall run consecutive to all sentences previously imposed on the defendant; and
>
> C. The defendant is not subject to any additional enhancements including an enhancement under Career Offender U.S.S.G. §4B1.1.

6. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

7. **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013 for Count One of the Indictment.

8. **Fine:** The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

9. **Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of his sentence on the date of sentencing, then he agrees that the payment of the financial component should be a condition of his supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of

Prisons. The defendant would have a continuing obligation to pay the financial component of his sentence. The defendant further agrees that as of the date of filing this Plea Agreement he will provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines and restitution imposed by the Court and authorizes the Financial Litigation Unit to obtain credit reports relating to the defendant for use in the collection of any fines and restitution imposed by the Court.

10. **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the United States is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

11. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

12. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon him abiding by federal and state laws.

13. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the Government at this time. The defendant further acknowledges and agrees that nothing in this

agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

## SENTENCING GUIDELINE STIPULATIONS

14. **Guideline Recommendations to the Court:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. These Stipulations are set forth to establish a basis for the sentence agreed upon by the parties in Paragraph Five of this Plea Agreement. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made other than that set forth in Paragraph 5(C), and that such determination will be made by the Court.

15. The parties agree that the applicable Sentencing Guideline for Count One (Possessing Contraband in Prison), is U.S.S.G. §2P1.2, which covers violations of 18 U.S.C. §1791.

    A.    **Base Offense Level:** The Base Offense Level in this case is 13, pursuant to U.S.S.G. §2P1.2(a)(2).

    B.    **Total Offense Level:** The total offense level is 13.

    C.    **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Based upon his willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a two (2) level reduction *provided* he satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby

permitting the Government and the Court to allocate their resources efficiently. The parties reserve the right to present evidence and arguments concerning defendant's acceptance of responsibility at the time of sentencing.

## WAIVER OF RIGHT TO APPEAL

16. The defendant understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant expressly waives his right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. He further agrees that in the event the Court accepts the Rule 11(c)(1)(C) plea provided for in this plea agreement and sentences him to a term of 27 months' imprisonment, regardless of the Defendant's criminal history category or how the sentence is calculated by the Court, then he expressly waives his right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. He also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which either was determined in any collateral attack, including, but not limited to, an action brought under 18 U.S.C. § 2255. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the terms of the supervised release and the amount of any fine. This Section 2255 waiver does not encompass claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

*The government understands that the Defense is requesting that Mr. Light be provided with mental health treatment. The government understands that the Defense is requesting that Mr. Light be placed in a facility where he can receive mental health treatment. The parties are free to present evidence on this issue. The government will not oppose Mr. Light's request for mental health treatment.*

**FINAL PROVISION**   *AmB*   *tol*   *MM*

17. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

7/21/14
DATE

MaryAnn T. Mindrum
Assistant United States Attorney

7.21.14
DATE

Joe Vaughn
Chief, Criminal Division

Aug 6, 2014
DATE

AUGUSTUS QUINTRELL LIGHT
Defendant

July 21, 2014
DATE

GWENDOLYN M. BEITZ
Counsel for Defendant

*WITHOUT PREJUDICE UCC 1-207*

*Augusta Light*
*Augustus Quintrell Light*
*Signed in open court*
*WITHOUT PREJUDICE UCC-1-207*

7